1  ERIC J. AMDURSKY (S.B. #180288)
   eamdursky@omm.com
2  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
3  Menlo Park, California 94025-7019
   Telephone:  (650) 473-2600
4  Facsimile:   (650) 473-2601

5  RYAN W. RUTLEDGE (S.B. #222642)
   rrutledge@omm.com
6  KELLY S. WOOD (S.B. #267518)
   kwood@omm.com
7  O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
8  Newport Beach, California 92660
   Telephone:  (949) 823-6900
9  Facsimile:   (949) 823-6994

10 Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EXTREME REACH, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPOTGENIE PARTNERS, LLC, ROBERT PORTER, GREGORY STIRLING, and DOUGLAS WILLIAMSON,<br><br>　　　　　Defendants. | Case No. 2:13-cv-07563 DMG-JCGx<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

WHEREAS Plaintiff Extreme Reach, Inc. ("Plaintiff") and Defendants SpotGenie Partners, LLC, Robert Porter, Gregory Stirling, and Douglas Williamson (collectively "Defendants") are conducting discovery in connection with the above-captioned action;

WHEREAS the parties desire, by entering into this Stipulation and Protective Order, to protect the unauthorized disclosure of confidential information that would be detrimental to the legitimate commercial or privacy interests of the parties, and that may need to be disclosed to adverse parties in connection with discovery;

IT IS THEREFORE STIPULATED AND AGREED THAT:

1. Any Party (herein used to refer individually to Plaintiff, Defendants, and any other party who later appears in this action as a plaintiff or defendant and becomes bound by the terms of this Stipulation and Protective Order) or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any portions of any testimony, documents, records or tangible things – and any copies, abstracts, excerpts or analyses thereof – given, used, served or produced by the Party or non-party in connection with this action, including without limitation in response to formal discovery demands or subpoenas or in compliance with the initial disclosure requirements prescribed by Federal Rules of Civil Procedure 16 and 26(a), that the designating Party or non-party in good faith believes to contain, reflect, regard, or disclose any trade secret, confidential, private, personal or proprietary information.   The Parties agree that the HIGHLY CONFIDENTIAL designation should be used only to protect the disclosing party from the type of irreparable competitive or commercial injury which could result from disclosing previously non-public, proprietary or confidential information to a direct competitor, or an individual affiliated with a direct competitor.

2. A Party or non-party that inadvertently fails to mark an item as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time it is given, used,

served or produced may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided such writing and substitute copies are served no later than the discovery cutoff. Once substitute copies have been provided, all copies of the inadvertently unmarked item, container or folder shall be destroyed or returned to the producing Party or non-party.

3. No CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be made public by the receiving Party or divulged to anyone other than as set forth herein. Absent a specific order by the Court or if the designating Party otherwise agrees, once designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, such materials and information shall be used by the Parties solely in connection with this litigation, and not for any other purpose whatsoever, or in any other action, arbitration, hearing, dispute, tribunal or proceeding, for any reason whatsoever.

4. CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated by each receiving Party as confidential unless and until the Court rules to the contrary or the designating Party agrees otherwise. Unless and until the Court rules or the designating Party otherwise agrees, and except as set forth in Paragraph 5 herein, materials designated as CONFIDENTIAL shall be limited to the following persons, subject to the qualification provisions contained in 4.f herein:

    a. the Court and those employed by the Court;

    b. each of the named Parties to the litigation who has, through that Party's respective counsel, signed this Stipulation and Protective Order (or who has accepted the terms of this Stipulation and Protective Order by the execution of Exhibit A hereto), including any representative of the Party (officers, directors, partners, employees) assisting in the prosecution or the defense of the litigation, and such Party's counsel, including the clerical,

|   |   |   |
|---|---|---|
|   |   | secretarial, and paralegal staff employed by such counsel; |
|   | c. | court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation, and translators engaged for any purpose in the litigation; |
|   | d. | experts and consultants assisting in the prosecution or the defense of the litigation, plus their clerical and secretarial staff; |
|   | e. | authors or recipients of CONFIDENTIAL information; and |
|   | f. | persons from whom testimony is taken or is to be taken in the litigation, either in a deposition or at trial, and their counsel, provided that CONFIDENTIAL information may be disclosed to such persons only in the course of his or her testimony or preparation for such testimony, and that such person shall not retain such CONFIDENTIAL information after his or her testimony is concluded unless he or she executes a Confidentiality Acknowledgement in the form attached as Exhibit A hereto. |

Materials designated as HIGHLY CONFIDENTIAL shall be limited to attorneys actively working on this case (including outside counsel for any of the Parties and any in-house counsel for any of the Parties so long as they do not share the content of any HIGHLY CONFIDENTIAL material with any of the Parties), as well as those identified in the foregoing sub-paragraphs 4.a., c., d., e. and f.

5.  Should any non-party serve a subpoena calling for the production of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information on any Party or counsel for a Party who has received such information, the subpoenaed party in such instance shall, within five (5) business days, provide notice to the Party that designated the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL via e-mail or facsimile.  It shall be the obligation of the designating Party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the designating Party wishes to maintain the confidentiality

1   of the material.  A designating Party that fails to seek judicial relief to preclude the
2   disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL information in
3   response to a subpoena shall be deemed to have waived any claim of confidentiality
4   with respect to such material.

5         6.    In the case of depositions, if counsel for a Party believes that a portion
6   or all of the deposition constitutes CONFIDENTIAL or HIGHLY
7   CONFIDENTIAL information, counsel may so state on the record and may request
8   that the specific pages which include such CONFIDENTIAL or HIGHLY
9   CONFIDENTIAL information be included in a separate sealed portion of the
10  transcript.  The reporter shall be instructed to include on the cover page of each
11  sealed portion the legend:  "This transcript portion contains information subject to a
12  Protective Order and shall be used only in accordance therewith."

13        7.    When testimony designated as CONFIDENTIAL or HIGHLY
14  CONFIDENTIAL is (or is sought to be) elicited during a deposition, persons not
15  entitled to receive such information under the terms of this Stipulation and
16  Protective Order shall be excluded from the deposition.  Counsel attending a
17  deposition who inadvertently fails to designate any portion of the transcript as
18  CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record at the deposition
19  may do so within ten (10) court days following mailing of the transcript by the
20  Court reporter to that counsel.  Such correction and notice thereof shall be made in
21  writing to the reporter, with copies to all other counsel, designating the portion(s) of
22  the transcript that constitute CONFIDENTIAL or HIGHLY CONFIDENTIAL
23  information and directing the reporter to place that portion under seal as provided in
24  Paragraph 6 herein.

25        8.    In the event a Party wishes to file any CONFIDENTIAL or HIGHLY
26  CONFIDENTIAL information with the Court for any purpose, to the extent
27  practicable, that Party will inform the Party that designated the materials as
28  CONFIDENTIAL or HIGHLY CONFIDENTIAL so that the designating Party can

1  consider whether to withdraw its confidentiality designation.  If the designating
2  party does not withdraw the confidentiality designation, the Party wishing to file
3  the CONFIDENTIAL or HIGHLY CONFIDENTIAL information with the Court
4  must submit such designated materials under seal in conformance with Central
5  District Local Rule 79-5 and any other relevant rules and procedures of this Court.
6  The Parties agree that such use of designated materials does not compromise the
7  designated status of such information, and the Parties agree that any designating
8  Party may seek to have such information maintained by the Court as
9  CONFIDENTIAL or HIGHLY CONFIDENTIAL.
10      9.    The Parties recognize that a party intending to file documents or
11  materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by
12  another party may not have information sufficient to support the application to file
13  under seal.  Consistent with Central District Local Rule 79-5, the filing Party will
14  need to include such an application with its submission, but the designating Party
15  shall bear the burden of establishing to the Court's satisfaction the confidentiality of
16  any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL,
17  including why the information must be sealed and the prejudice or harm the
18  designating Party will suffer if the material is not granted the protection of being
19  filed under seal.  The designating party shall have three (3) full court days to
20  provide any material to the Court in support of the application to file under seal.  If
21  a designating Party fails to provide such material within the allotted time, the Court
22  can act upon the application as submitted by the filing Party.
23      10.   If a Party fails to file CONFIDENTIAL or HIGHLY
24  CONFIDENTIAL information under seal pursuant to Central District Local Rule
25  79-5, any person who in good faith believes that filing under seal is required to
26  protect its interests may move the Court to seal the CONFIDENTIAL or HIGHLY
27  CONFIDENTIAL information within ten (10) court days of learning of the
28  allegedly defective filing.  Notice of such motion shall be given to all Parties.  The

1  Clerk shall seal the disputed part of the filing until the Court rules on the motion.

2       11.    The acceptance by a Party of CONFIDENTIAL or HIGHLY
3  CONFIDENTIAL information shall not constitute an admission or concession or
4  permit an inference that the CONFIDENTIAL or HIGHLY CONFIDENTIAL
5  information is, in fact, confidential or highly confidential.  Should any Party object
6  in good faith to such designation, that Party may notify the designating Party or
7  Parties in writing of such objection, specifying the basis thereof.  The Parties shall
8  then negotiate in good faith to attempt to resolve their dispute regarding the
9  confidentiality of the subject materials.  Should such meet-and-confer effort fail, the
10 designating Party may then make a motion to this Court for a protective order
11 covering the designated information.  The designating Party shall bear the burden of
12 establishing the confidentiality of any material designated as CONFIDENTIAL or
13 HIGHLY CONFIDENTIAL.  The information which is the subject of such dispute
14 shall continue to be treated as confidential subject to this Stipulation and Protective
15 Order for a period of ten (10) court days following written notice of objection
16 unless a motion for a protective order is filed within that time, in which case the
17 information shall be treated as confidential pending the outcome of such motion.  In
18 the absence of such a motion, the documents or information shall not be treated as
19 confidential upon the expiration of ten (10) court days after written notice of
20 objection.

21      12.    Nothing in this Stipulation and Protective Order shall be construed as a
22 waiver of the right of any Party to object to the taking or the admissibility of any
23 testimony or other evidence where such an objection is based on a ground or
24 grounds other than that the testimony or evidence involves CONFIDENTIAL or
25 HIGHLY CONFIDENTIAL information.

26      13.    If during document production, the producing Party inadvertently
27 produces a document entitled to protection under the attorney-client privilege, the
28 attorney work product doctrine, or other provisions of applicable law:  (a) the

Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, but no more than ten (10) court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Any such request shall be made in writing, and shall identify the basis for the claimed protection.  If the Party (or Parties) that received the inadvertently produced document agrees that the document is entitled to protection (without regard to its inadvertent production), all copies of the inadvertently produced document shall be returned to the producing Party or destroyed, and no reference to such document shall be made in discovery, at trial, or any other manner.  If the Parties do not agree that the document is entitled to protection, the burden is on the producing Party to file an appropriate motion with the Court within twenty (20) court days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.

14. This Stipulation and Protective Order shall not prevent a Party from applying to the Court for relief from this Stipulation and Protective Order or any of its terms or provisions, or from applying to the Court for further or additional protective orders.

15. Nothing in this Stipulation and Protective Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party under no obligations of confidentiality with respect thereto and having the right to disclose such information.  Nothing in this Stipulation and Protective Order shall preclude any person or entity from disclosing or using, in any manner

1 or for any purpose, any information or document if that information or document is
2 publicly available.

3     16. In the event that additional persons become parties to this action, they
4 shall not have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL
5 information produced by or obtained from any Party or nonparty until the newly
6 joined party or their counsel confirms in writing to all other Parties that they have
7 read this Stipulation and Protective Order and agree to be bound by its terms.

8     17. The restrictions on use of CONFIDENTIAL and HIGHLY
9 CONFIDENTIAL information set forth in this Stipulation and Protective Order
10 shall survive the conclusion of this litigation and, after conclusion of this litigation,
11 the Court shall exercise limited jurisdiction for the purpose of enforcing this
12 Stipulation and Protective Order.

13     18. Within thirty (30) days after the final termination of this action,
14 counsel for the receiving Party shall return all copies of the CONFIDENTIAL and
15 HIGHLY CONFIDENTIAL information to counsel for the designating Party, or
16 shall, at the option of the receiving Party, destroy such CONFIDENTIAL and
17 HIGHLY CONFIDENTIAL information, and certify in writing that said destruction
18 has occurred to counsel for the designating Party.

19. The terms of this Stipulation and Protective Order shall be effective and binding upon a party upon the signature of its counsel below.

| | |
|---|---|
| Dated: October __, 2013. | O'MELVENY & MYERS LLP<br>ERIC J. AMDURSKY<br>RYAN W. RUTLEDGE<br>KELLY S. WOOD<br><br>By_____<br>       Eric J. Amdursky<br>Attorneys for Plaintiff<br>Extreme Reach, LLC |
| Dated: October __, 2013. | LEWIS BRISBOIS BISGARRD & SMITH LLP<br>RYAN D. HARVEY<br>CHRISTOPHER HABASHY<br><br>By_____<br>       Ryan D. Harvey<br>Attorneys for Defendants<br>Robert Porter, Gregory Stirling, Douglas Williamson |
| Dated: October __, 2013. | LAW OFFICES OF GAGLIONE, DOLAN & KAPLAN<br>JACK LAPEDIS<br><br>By_____<br>       Jack LaPedis<br>Attorneys for Defendant<br>SpotGenie Partners, LLC |

## [~~PROPOSED~~] ORDER

Pursuant to the foregoing Stipulation and for good cause shown, IT IS SO ORDERED.

Dated: November 12, 2013

_____
The Honorable Jay C. Gandhi
United States Magistrate Judge

# **EXHIBIT A**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXTREME REACH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SPOTGENIE PARTNERS, LLC, ROBERT PORTER, GREGORY STIRLING, and DOUGLAS WILLIAMSON,<br><br>Defendants. | Case No. 2:13-cv-07563 DMG-JCGx<br><br>**CONFIDENTIALITY ACKNOWLEDGMENT** |

I, _____, hereby acknowledge and declare that:

1. I have received a copy of the Stipulation and Protective Order in this action. I have carefully read and understand the provisions of the Stipulation and Protective Order.

2. I will comply with all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes of this litigation (and not for any other purpose, including any business, competitive, or governmental purpose or function), any CONFIDENTIAL and HIGHLY CONFIDENTIAL information, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

3. I will return all CONFIDENTIAL and HIGHLY CONFIDENTIAL information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained or from whom I received such material, when requested by such counsel to do so.

4. I understand that if I violate the provisions of the Stipulation and Protective Order, I may be subject to sanctions by the Court and the Parties, or any one of them, may assert other remedies against me. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulation and Protective Order in this action.

5. My address is: _____.

6. My relationship to this case and the Parties thereto is: _____
_____
_____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                                              (Signature)

                                                              _____
                                                              Print Name and Title

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2013, the foregoing document was electronically transmitted to the United States Court Clerk's Office using the CM/ECF System for filing and transmittal.

Eric J. Amdursky

OMM_US:71952407.1